MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LA MARCA (Cal. Bar No. 215231)
JEREMY E. PENDREY (Cal. Bar No. 187075)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 1:07-01251-OWW-GSA |
| Plaintiff, | |
| vs. | **FINAL JUDGMENT AGAINST DEFENDANT FACEPRINT GLOBAL SOLUTIONS, INC.** |
| FACEPRINT GLOBAL SOLUTIONS, INC.,; and PIERRE COTE, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint ("Complaint") in this action and defendant FacePrint Global Solutions, Inc. ("FacePrint") entered a general appearance and has submitted the Consent of FacePrint Global Solutions, Inc. to Final Judgment ("Consent"). In the Consent, FacePrint acknowledged being served with the Summons and Complaint, entered a general appearance, admitted the jurisdiction of this Court over it and over the subject matter of this action, admitted that it was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting

PDF created with pdfFactory trial version www.pdffactory.com

or denying any of the allegations in the Complaint except as set forth in the Consent, and waived

notice of hearing upon the entry of this Final Judgment.  The Court, being fully advised, orders as

follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that FacePrint and its agents,

servants, employees, those with powers of attorney on FacePrint's behalf, and all persons in active

concert or participation with any of them, who receive actual notice of this Final Judgment, by

personal service or otherwise, and each of them, are permanently enjoined and restrained from,

directly or indirectly, violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities

Act") [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable

exemption:

1. Unless a registration statement is in effect as to a security, making use of any means or
   instruments of transportation or communication in interstate commerce or of the mails
   to sell such security through the use or medium of any prospectus or otherwise;

2. Unless a registration statement is in effect as to a security, carrying or causing to be
   carried through the mails or in interstate commerce, by any means or instruments of
   transportation, any such security for the purpose of sale or for delivery after sale; or

3. Making use of any means or instruments of transportation or communication in
   interstate commerce or of the mails to offer to sell or offer to buy through the use or
   medium of any prospectus or otherwise any security, unless a registration statement has
   been filed with the Commission as to such security, or while the registration statement is
   the subject of a refusal order or stop order or (prior to the effective date of the
   registration statement) any public proceeding or examination under Section 8 of the
   Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that FacePrint and its agents,

servants, employees, those with powers of attorney on FacePrint's behalf, and all persons in active

concert or participation with any of them, who receive actual notice of this Final Judgment, by

-2-                    FINAL JUDGMENT OF FACEPRINT
                       GLOBAL SOLUTIONS, INC.

PDF created with pdfFactory trial version www.pdffactory.com

personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 102 of Regulation M under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 242.101] by, in connection with a distribution of a security, directly or indirectly, bidding for, purchasing, or attempting to induce any person to bid for or purchase the covered security during the applicable restricted period, in the absence of any applicable exception.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that FacePrint is jointly and severally liable, along with defendant Pierre Cote, for disgorgement of $1,474,686.93, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $99,138.31, for a total of $1,573,825.24. Based on FacePrint's sworn representations in its Statement of Financial Condition dated September 10, 2007, and other documents and information submitted to the Commission, however, the Court is not ordering FacePrint to pay a civil penalty and payment of all of the disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of all of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of FacePrint's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that FacePrint's representations to the Commission concerning its assets, income, liabilities or expenses were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to FacePrint of its intent to so petition, petition the Court for an order requiring FacePrint to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by FacePrint was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering FacePrint to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of

FINAL JUDGMENT OF FACEPRINT<br>GLOBAL SOLUTIONS, INC.

PDF created with pdfFactory trial version www.pdffactory.com

this Final Judgment.  The Commission may also request additional discovery.  FacePrint may not, by way of defense of such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that FacePrint shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: January 31, 2008

/s/ OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

-4-

FINAL JUDGMENT OF FACEPRINT
GLOBAL SOLUTIONS, INC.

PDF created with pdfFactory trial version www.pdffactory.com

1    APPROVED AS TO FORM:

2

3

4    _____
     H. Thomas Fehn
5    Fields, Fehn & Sherwin
     11755 Wilshire Blvd., 15th Floor
6    Los Angeles, CA 90025
     (310) 473 6338
7    Attorney for Defendant
     FACEPRINT GLOBAL SOLUTIONS, INC.

8

9

10   SUBMITTED BY:

11

12

13   _____
     Jeremy E. Pendrey
14   Attorneys for Plaintiff
     SECURITIES AND EXCHANGE COMMISSION
15   44 Montgomery Street, Suite 2600
     San Francisco, California 94104
16   Telephone:  (415) 705-2500
     Fax: (415) 705-2501

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JUDGMENT OF FACEPRINT
GLOBAL SOLUTIONS, INC.

PDF created with pdfFactory trial version www.pdffactory.com