MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LA MARCA (Cal. Bar No. 215231)
JEREMY E. PENDREY (Cal. Bar No. 187075)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>       vs.<br><br>FACEPRINT GLOBAL SOLUTIONS, INC.; and PIERRE COTE,<br><br>              Defendants. | Case No. 1:07-01251-OWW-GSA<br><br>**FINAL JUDGMENT AGAINST DEFENDANT PIERRE COTE** |

      Plaintiff Securities and Exchange Commission ("Commission") has filed a Complaint ("Complaint") in this action and defendant Pierre Cote ("Cote") has entered a general appearance and has submitted the Consent of Pierre Cote to Final Judgment ("Consent").  In the Consent, Cote acknowledged service of the Summons and the Complaint, admitted the jurisdiction of this Court over him and over the subject matter of this action, admitted that he was fully advised and informed of the right to a judicial determination of this matter, waived findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure, consented to the entry of this Final Judgment, without admitting or denying any of the allegations in the Complaint except as set forth in the

PDF created with pdfFactory trial version www.pdffactory.com

Consent, and waived notice of hearing upon the entry of this Final Judgment. The Court, being fully advised, orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Cote and his agents, servants, employees, those with powers of attorney on his behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

1. Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;
2. Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or
3. Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Cote and his agents, servants, employees, those with powers of attorney on his behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 101 of Regulation M under the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 242.101] thereunder by, in connection with a distribution of a security, directly or indirectly,

PDF created with pdfFactory trial version www.pdffactory.com

1  bidding for, purchasing, or attempting to induce any person to bid for or purchase the security during
2  the applicable restricted period, in the absence of any applicable exception.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Cote and his agents, servants, employees, those with powers of attorney on his behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] by failing, with respect to any issuer registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] in which Cote acquires the beneficial ownership of more than 5 percent of its common stock, to file with the Commission within 10 days Schedule 13D, and to file an amendment when material changes occur pursuant to Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Cote and his agents, servants, employees, those with powers of attorney on his behalf, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 C.F.R. § 240.16a-3] thereunder by failing, with respect to any issuer registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] of which Cote is an officer, director, or beneficial owner of more than ten percent of its common stock, to file with the Commission the required forms disclosing his beneficial ownership of those securities and changes thereto.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Cote is permanently barred from participating in an offering of a penny stock (as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1]), including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any

-3-    **FINAL JUDGMENT OF PIERRE COTE**

PDF created with pdfFactory trial version www.pdffactory.com

penny stock, pursuant to Securities Act Section 20(g) [15 U.S.C. § 77t(g)] and Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Cote is jointly and severally liable, along with defendant FacePrint Global Solutions, Inc., for disgorgement of $1,474,686.93, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $99,138.31, for a total of $1,573,825.24. Based on Cote's sworn representations in his Statement of Financial Condition dated September 8, 2007, and other documents and information submitted to the Commission, however, the Court is not ordering Cote to pay a civil penalty and payment of all of the disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of all of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Cote's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Cote's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Cote of its intent to so petition, petition the Court for an order requiring Cote to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Cote was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Cote to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Cote may not, by way of defense of such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment

PDF created with pdfFactory trial version www.pdffactory.com

and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Cote shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: January 31, 2008

/s/ OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

APPROVED AS TO FORM:

_____
H. Thomas Fehn
Fields, Fehn & Sherwin
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
(310) 473-6338
Attorney for Defendant
PIERRE COTE

SUBMITTED BY:

_____
Jeremy E. Pendrey
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 705-2500
Fax: (415) 705-2501

-6-   **FINAL JUDGMENT OF PIERRE COTE**

PDF created with pdfFactory trial version www.pdffactory.com